

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00256-CR

Jeffrey **LEE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR6806
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:        Marialyn Barnard, Justice
               Patricia O. Alvarez, Justice
               Jason Pulliam, Justice

Delivered and Filed:  June 10, 2015

AFFIRMED

Appellant Jeffery Lee appeals his conviction for aggravated robbery.  In his sole issue on appeal, Lee contends the evidence is insufficient to support his conviction because the witnesses to the offense did not identify him as the perpetrator during trial.  We disagree and affirm the trial court's judgment.

## BACKGROUND

Shortly after closing the store for the night, two Dollar General employees, Javier Muro and Gilda Hernandez, were robbed at gunpoint by a masked man who approached them in the

parking lot. The perpetrator forced Muro to reopen the store, and demanded Muro give him money from the safe. After Muro handed over the money, the perpetrator ran from the store and disappeared into an adjacent neighborhood.

Bexar County Sheriff's Deputy Christopher Andis gathered fingerprint evidence from the crime scene. Using the store's surveillance video of the robbery, Andis located a plastic bag the perpetrator touched and, on it, found a single fingerprint. A Sheriff's Office fingerprint examiner, Lucy Adame-Clark, determined the fingerprint belonged to Lee. Using that identification, Detective Herbert Ward created two photo lineups containing Lee's photo, and presented a lineup to Muro and Hernandez separately. Both positively identified the photo of Lee as the perpetrator. Based upon the witnesses' identification of Lee and on Lee's fingerprint found on the bag, Lee was arrested and charged with aggravated robbery.

At trial, the State presented evidence detailing the investigation, the discovery of Lee's fingerprint, and the photo lineup identification. Muro and Hernandez testified, however, neither identified Lee as the perpetrator in the courtroom during their testimony. The jury found Lee guilty of aggravated robbery and sentenced him to twenty-five years' imprisonment. Lee perfected this appeal.

## ISSUE

Lee raises one issue on appeal, in which he contends the evidence is legally insufficient to prove his identity as the individual who committed the aggravated robbery.

## STANDARD OF REVIEW

"In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Gear v.*

*State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19, (1979)); *see Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality opinion). Under this standard, appellate courts must defer to the jury's ability to fairly "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319; *see Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The jury may draw "multiple reasonable inferences as long as each inference is supported by the evidence." *Hooper*, 214 S.W.3d at 15. "[A]n inference is a conclusion reached by considering other facts and deducing a logical consequence from them." *Id.* at 16. Thus, each fact need not point directly and independently to the guilt of the accused, provided the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See id.* at 13. Circumstantial evidence has the same probative value as direct evidence, and alone, can be sufficient to establish guilt. *Id.*

The accused's identity as the person who committed the offense may be proven by circumstantial evidence. *Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009); *Orellana v. State*, 381 S.W.3d 645, 653 (Tex. App.—San Antonio 2012, pet. ref'd). There is no formalized procedure for the State to prove the identity of the accused if no direct evidence of the perpetrator's identity is elicited from trial witnesses. *See Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd). Thus, the element of identity may be established by inference. *Roberson*, 16 S.W.3d at 167.

**ANALYSIS**

Lee argues the evidence is legally insufficient to support his conviction unless a reasonable inference can be made that Lee is the individual identified by Muro and Hernandez through the photo lineup. Lee contends the State was required to present additional evidence proving Lee is

the individual identified in the photo because Muro and Hernandez did not identify him in court. Because the State failed to do so, Lee argues the jury could not reasonably infer identity.

As Lee asserts, the State did not ask either Muro or Hernandez to identify Lee as the perpetrator during the trial. However, both witnesses testified they previously identified the perpetrator through photo lineups presented during the investigation. Muro testified he was "very confident" he identified the perpetrator, and Hernandez similarly testified she was "one hundred percent confident" in her identification. Detective Ward confirmed the witnesses both identified the same individual from the lineups, and, from the witness stand, identified Lee as that individual. The State entered the photo lineups into evidence, allowing the jury to compare Lee to the photo the witnesses identified. Moreover, later in the trial, Lee testified and admitted it was his photo the witnesses identified in the lineup.

Additionally, other evidence introduced at trial established Lee's fingerprint appeared on the bag touched by the perpetrator. The State played the surveillance video during Muro's testimony allowing the jury to see the perpetrator touch the plastic bag. Deputy Andis testified he found one latent fingerprint on the bag. Fingerprint Examiner Adame-Clark testified she analyzed the latent fingerprint and determined it belonged to Lee. Furthermore, before the trial began, the State asked Adame-Clark to collect a new set of Lee's fingerprints. At trial, Adame-Clark identified Lee as the individual she fingerprinted and testified she compared the latent print to the new prints and concluded the two prints matched. The State presented the testimony of a second fingerprint examiner, Hector Hernandez, who conducted his own comparison, and confirmed Adame-Clark's conclusion that the new prints matched the latent print.

After reviewing all the evidence in the light most favorable to the verdict, we conclude a rational fact finder could determine Lee was the individual who robbed the Dollar General. *See Gear*, 340 S.W.3d at 746. Regardless of the fact neither Muro nor Hernandez directly identified

Lee as the perpetrator, the cumulative force of their identification of Lee through the photo lineups, the testimony of the other witnesses, and the presence of his fingerprint on the bag supports the jury's conclusion that Lee was the individual who robbed the Dollar General. *See Hooper*, 214 S.W.3d at 13; *Roberson*, 16 S.W.3d at 167. To hold otherwise would require this court to disregard how the jury resolved conflicts in the testimony, and the weight the jury gave to the evidence. *See Jackson*, 443 U.S. at 319; *Whatley*, 445 S.W.3d at 166. Because we conclude the inference made by the jury is reasonable and supported by the evidence, we hold the evidence is legally sufficient to support Lee's conviction for aggravated robbery.

### CONCLUSION

For the above reasons, we overrule Lee's sole issue on appeal and affirm the trial court's judgment.

Jason Pulliam, Justice

DO NOT PUBLISH